```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Muhammad Al-Mujahidin, a/k/a or f/k/a John Hamilton, | ) Civil Action No. 9:20-1001-BHH ) ) |
| Plaintiff, | ) ) |
| v. | ) **OPINION AND ORDER** ) |
| Warden M. Stephan; Brian Stirling, Director of SCDC, | ) ) ) ) |
| Defendants. | ) ) |

Plaintiff Muhammad Al-Mujahidin ("Plaintiff"), proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial handling and a Report and Recommendation ("Report").

On November 3, 2020, Defendants filed a motion for summary judgment. (ECF No. 24.) Since Plaintiff is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on November 4, 2020, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (ECF No. 25.) Plaintiff filed a response in opposition on December 7, 2020 (ECF No. 27), and Defendants filed a reply on December 14, 2020. (ECF No. 28.) On May 20, 2021, Magistrate Judge Cherry issued a Report recommending that Defendants' motion for summary judgment be granted for Plaintiff's failure to show that Defendants were personally involved and failure to show a constitutional violation. (ECF No. 30 at 5-8.) The Report further notes that Defendants are immune from Plaintiff's claims because of

qualified immunity doctrine. (*Id.* at 9.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. (*Id.* at 11.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Plaintiff filed no objections, and the time for doing so expired on June 7, 2020. In the absence of objections to the Magistrate Judge's Report and Recommendation, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 and advisory committee's note).

After reviewing the record, the Report, and the applicable law, the Court finds no error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 30) by reference into this Order. Defendants' motion for summary judgment (ECF No. 24) is GRANTED, and this case dismissed in its entirety.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

June 17, 2021
Charleston, South Carolina

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.